# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| YELLOWHAMMER FUND, *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| v. | ) |
| | ) No. 2:23-cv-00450-MHT-KFP |
| STEVE MARSHALL, in his official capacity as Attorney General of the State of Alabama, | ) ) ) ) |
| | ) |
| *Defendant*. | ) |

| | |
|---|---|
| WEST ALABAMA WOMEN'S CENTER, *et al.*, | ) ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| v. | ) No. 2:23-cv-00450-MHT-KFP |
| | ) |
| STEVE MARSHALL, in his official capacity as Attorney General of the State of Alabama, | ) ) ) |
| | ) |
| *Defendant*. | ) |

**JOINT NOTICE REGARDING BRIEFING SCHEDULE**

In advance of the September 5, 2023 hearing to discuss how to proceed on Yellowhammer's motion for summary judgment (doc. 27) and Defendant Marshall's motion to dismiss (doc. 28), the Court asked the parties to confer regarding: (1) proposed briefing deadlines on the two pending motions, including when the

1

West Alabama plaintiffs' brief would be due on the summary judgment motion; (2) whether the West Alabama plaintiffs will be filing a motion, and, if so, when; and (3) any other procedural matters they want to bring to the court's attention.

The parties conferred on August 31, 2023. Plaintiffs West Alabama Women's Center, Alabama Women's Center and Dr. Robinson (the "WAWC Plaintiffs") do not intend to file a brief regarding Yellowhammer's motion for summary judgment, but they do intend to file their own motion for summary judgment. Plaintiff Yellowhammer Fund does not anticipate responding to the WAWC Plaintiffs' future summary judgment motion. Regarding the other issues, the parties outline their respective positions as follows:

**<u>Plaintiffs' Joint Proposed Briefing Schedule</u>**

Plaintiffs Yellowhammer Fund and the WAWC Plaintiffs propose the following briefing schedule:

<u>Motion to Dismiss</u> (filed August 28, 2023)

- Yellowhammer's Response due on September 28, 2023;
- WAWC Plaintiffs' Response due on September 28, 2023; and
- Defendant's Reply due on October 12, 2023.

<u>Yellowhammer's Motion for Summary Judgment</u> (filed August 28, 2023)

- Defendant's Response due on September 28, 2023; and
- Yellowhammer's Reply due on October 12, 2023.

<u>WAWC Plaintiffs' Motion for Summary Judgment</u> (to file on September 28, 2023)

- Defendant Marshall's Response due on October 30, 2023; and
- WAWC Plaintiffs' Reply due on November 13, 2023.

**<u>Plaintiff Yellowhammer Fund's Position:</u>**

As explained on pages 8–11 of Plaintiff Yellowhammer Fund's summary judgment motion, Rule 56 permits a party to move for summary judgment at any time. *See Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843 (11th Cir. 1989) (per curiam) (explaining that there is no "blanket prohibition on the granting of summary judgment motions before discovery"); *Wallace v. Brownell Pontiac-GMC Co.*, 703 F.2d 525, 527 (11th Cir. 1983). A court can delay ruling on a motion for summary judgment to allow the nonmoving party "time to obtain affidavits or declarations or to take discovery," Fed. R. Civ. P. 56(d)(2), but only if the non-moving party identifies with specificity how delaying the ruling "will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Wallace*, 703 F.2d at 527 (citation omitted). The Rule does not contemplate *that all briefing on that motion* be delayed. *See* Fed. R. Civ. P. 56. Nor can a party simply state the people it would depose, without putting those deponents in context on the issue of fact that it proposes would prevent summary judgment. *See Wallace*, 703 F.2d at 527 (citing *SEC v. Spence & Green Chemical Co.*, 612 F.2d 896, 901 (5th Cir. 1980) (stating that the nonmovant must "present[]

3

specific facts explaining the inability to make a substantive response" and "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.")).

Plaintiff Yellowhammer Fund respectfully requests that the Court adopt Plaintiffs' Joint Proposed Briefing Schedule and that Defendant respond to Plaintiff Yellowhammer Fund's summary judgment motion by September 28, 2023—one full month after Yellowhammer Fund filed it. Here, the "pertinent facts are obvious and indisputable from the record," and the only "truly debatable matters are legal questions that a court is competent to address." *Garvie v. City of Fort Walton Beach*, 366 F.3d 1186, 1190 (11th Cir. 2004). Defendant's motion to dismiss almost exclusively argues that Plaintiffs failed to state a claim. Plaintiff Yellowhammer Fund's motion for summary judgment addresses the very legal issues Defendant raises in his motion to dismiss. Because Plaintiff's claims can be resolved as a matter of law, if the court resolves Defendant's motion to dismiss in Plaintiff Yellowhammer's favor, it will have decided the ultimate legal issues in this case. Therefore, requiring the parties to simultaneously brief both motions will promote efficiency for the Court and the parties. Further, defendants often respond to, and brief, motions simultaneously with motions to dismiss. Filing a motion to dismiss hardly pauses every obligation to respond to motions in a case.

Lastly, Yellowhammer Fund respectfully proposes that if oral argument is set, the parties return for a status conference on or after October 23, 2023, to set the date of oral arguments. Counsel for Yellowhammer Fund has a trial that has several potential settings, and the final date will be confirmed on October 20, 2023.

**The WAWC Plaintiffs' Position:**

In response to the Court's first question, the WAWC Plaintiffs do not intend to file a brief in response to the Yellowhammer Plaintiffs' motion for summary judgment. In response to the Court's second question, the WAWC Plaintiffs do intend to file their own motion for summary judgment; their intent is to cross-move for summary judgment alongside opposing Defendant Marshall's motion to dismiss. Due to Plaintiffs' counsels' preexisting professional and personal obligations during the month of September, including a trial in another case scheduled to start on September 28th, an international family wedding, and religious holidays, the WAWC Plaintiffs would request that they be given until at least September 28, 2023 to submit their opposition and cross-motion.

The WAWC Plaintiffs' position is that this case is amenable to resolution on an early motion for summary judgment, as the material facts in the WAWC Plaintiffs' Verified Complaint cannot genuinely be disputed and they are entitled to judgment as a matter of law on all three of their claims. Because the WAWC Plaintiffs' arguments as to why they are entitled to judgment as a matter of law are

the same ones that they would make in response to Defendant's purely legal arguments as to why the WAWC Plaintiffs have failed to state claims upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) (which comprise the majority of Defendant's Motion to Dismiss), the WAWC Plaintiffs' position is that permitting the parties to brief and this Court to hear argument on these same issues only once serves the interests of judicial economy and efficiency, and prevents unnecessary delay of resolution on the merits.

The WAWC Plaintiffs further note that, under Federal Rule of Civil Procedure 56(b), "unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Should Defendant Marshall feel he "cannot present facts essential to justify [his] opposition" to the WAWC Plaintiffs' motion for summary judgment after it has been filed, he must, pursuant to Rule 56(d), demonstrate with specificity how discovery would enable him to "rebut the [WAWC Plaintiffs'] showing of the absence of a genuine issue of material fact." *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843–44 (11th Cir. 1989) (per curiam); *see also Wallace v. Brownell Pontiac-GMC Co.*, 703 F.2d 525, 527 (11th Cir. 1983) (on a motion for summary judgment, "the nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but rather he must specifically demonstrate how postponement

6

of a ruling on the [summary judgment] motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.") (internal quotation marks and citation omitted); *Yelder v. U.S. Dep't of Def.*, 164 F. App'x 914, 914, n.1 (11th Cir. 2006) (unpublished) (concluding "the district court did not abuse its discretion in granting summary judgment prior to the filing of an answer and before discovery given that [the party opposing summary judgment] did not . . . demonstrate how discovery would have enabled her to rebut the [movant's] showing of an absence of a genuine issue of material fact.").

The WAWC Plaintiffs take no position on Defendant Marshall's request that any briefing schedule on the motions for summary judgment allow him to file one response to both motions for summary judgment. Moreover, because, as noted above, the WAWC Plaintiffs do not intend to file a response to Yellowhammer's motion for summary judgment, they do not oppose Attorney General Marshall's request that any response from a plaintiff to another plaintiff's motion for summary judgment be filed two weeks before his response is due.

**Defendant's Position:**

Attorney General Marshall contends that the Court should resolve his motion to dismiss before setting a briefing schedule on Plaintiff Yellowhammer's premature motion for summary judgment. As stated in his motion to dismiss, the Eleventh Circuit has stated that "[f]acial challenges to the legal sufficiency of a claim or

defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (footnote omitted). Dismissing non-meritorious claims before discovery or summary-judgment briefing begins allows "unnecessary costs to the litigants and to the court system [to] be avoided[,]" *id.* at 1368.

Moreover, discovery is likely needed for Attorney General Marshall to adequately respond to Yellowhammer's motion for summary judgment. Having had notice of these cases for only a month (and of Yellowhammer's motion for summary judgment only since this past Monday) and lacking Plaintiffs' responses to his motion to dismiss, Attorney General Marshall has not yet had adequate time to appreciate what discovery is necessary to resolve this case. However, at this time, Attorney General Marshall anticipates a need to at least take discovery regarding standing, the declarations of Yellowhammer's staff, and the expert declaration of Kari White.

Attorney General Marshall is prejudiced under Plaintiffs' schedule by being deprived of his right "to utilize the discovery process to discover the facts necessary to justify his opposition to the motion." *Vining v. Runyon*, 99 F.3d 1056, 1058 (11th Cir. 1996) (cleaned up); *see Jones v. City of Columbus*, 120 F.3d 248, 253 (11th Cir. 1997) ("The law in this circuit is clear: the party opposing a motion for summary

judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." (citations omitted)). It would be unfair to require Defendant Marshall, for example, to state whether certain facts related to Yellowhammer's declarations are undisputed when he would lack an opportunity to test the truth of those facts through the discovery process.

Defendant Marshall anticipates that these cases may ultimately be resolved on cross-motions for summary judgment, but these cases should proceed on a more standard litigation track: first resolving the motion to dismiss, and then (if needed) filing an answer, conducting the 26(f) conference, setting a schedule, exchanging initial disclosures, and having adequate time for discovery all before briefing cross-motions for summary judgment. The Court should not depart from this ordinary procedure to rush to final judgment when the circumstances complained of happened over a year ago.

If the Court disagrees that Attorney General Marshall's motion to dismiss should be resolved first and that summary-judgment briefing should proceed prior to (or without) discovery, then Attorney General Marshall asks that the schedule allow him to file one response to both motions for summary judgment to avoid the duplicative efforts that warranted consolidation of these cases. Thus, the WAWC Plaintiffs would file their motion before any further briefing on summary judgment takes places; once that motion is filed, Attorney General Marshall should be allowed

to respond to both motions around a month later, with Plaintiffs' replies then coming around two weeks after that. Attorney General Marshall also asks that any potential response from a plaintiff to the other plaintiff's motion for summary judgment (effectively an amicus brief in support thereof) should be filed at least two weeks before Defendant Marshall's response is due, which is similar to the timing of amicus briefs in the Eleventh Circuit and Supreme Court.

Respectfully submitted,

Steve Marshall
  *Attorney General*

James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*

/s/ Benjamin M. Seiss
Benjamin M. Seiss (ASB-2110-O00W)
  *Assistant Attorney General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Jim.Davis@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov

*Counsel for Plaintiffs listed on following page*

Jamila Johnson*
Allison Zimmer*
THE LAWYERING PROJECT
3157 Gentilly Blvd. #2231
New Orleans, LA 70122
(347) 706-4981 (JJ)
(347) 515-6074 (AZ)
jjohnson@lawyeringproject.org
azimmer@lawyeringproject.org

Paige Suelzle*
THE LAWYERING PROJECT
2501 SW Trenton Street #1097
Seattle, WA 98106
(347) 515-6073
psuelzle@lawyeringproject.org

Ashley Light, ASB 1059-F69L
SOUTHERN POVERTY LAW CENTER
400 Washington Ave
Montgomery, AL 36104
(334) 746-1530
ashley.light@splcenter.org

Krista Dolan*
SOUTHERN POVERTY LAW CENTER
106 East College Avenue, #M
Tallahassee, FL 32301
(850) 521-3000
Krista.dolan@splcenter.org

*Attorneys for the Yellowhammer Fund*

Alison Mollman
Alabama State Bar No. 8397-A33C
ACLU OF ALABAMA
P.O. Box 6179
Montgomery, AL 36106-0179
(334) 265-1747
(334) 265-2754
amollman@aclualabama.org

Meagan Burrows*
New York State Bar No. 5341904
Alexa Kolbi-Molinas*
New York State Bar No. 4477519
Lindsey Kaley*
New York State Bar No. 5324983
Scarlet Kim*
New York State Bar No. 5025952
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2633
mburrows@aclu.org
akolbi-molinas@aclu.org
lkaley@aclu.org
scarletk@aclu.org

Lorie Chaiten*
Illinois State Bar No. 6191424
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
1640 North Sedgwick
Chicago, IL 60614
(212) 549-2633
lchaiten@aclu.org

*Attorneys for the WAWC Plaintiffs*

*\*Admitted pro hac vice*

## CERTIFICATE OF SERVICE

I certify that I electronically filed this document using the Court's CM/ECF system on September 1, 2023, which will serve all counsel of record.

<u>/s/ Benjamin M. Seiss</u>