# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| YELLOWHAMMER FUND, *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) 2:23-cv-00450-MHT-KFP |
| Steve Marshall, *in his official capacity as* | ) |
| *Attorney General of the State of Alabama*, | ) |
| | ) |
| *Defendant*. | ) |
| | ) |

## ANSWER

Defendant Stever Marshall, Attorney General of the State of Alabama, for his Answer to Plaintiff's Complaint (doc. 1), states as follows:

### Introduction

1. Admitted that Plaintiff Yellowhammer Fund has brought a civil rights action. Otherwise denied.

2. Denied.

3. Denied.

4. Admitted that abortion is lawful in some other States. Otherwise denied.

### Jurisdiction and Venue

5. Admitted that this Court has subject-matter jurisdiction as to Counts I, II, and IV. Denied that Plaintiff is legally entitled to relief sought or that such relief would be equitable.

6. Admitted that venue is proper in the Middle District of Alabama.

### Parties

7. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

8. The first sentence is admitted. For the second sentence, admitted that Defendant has stated that he is willing to prosecute those who violate Alabama law, otherwise denied. For the third sentence, Defendant lacks sufficient evidence to admit or deny the allegation that his statements have "chilled" Plaintiffs "activities" and thus denies, and the remainder of the third sentence is otherwise denied. For the fourth sentence, Alabama law speaks for itself. For the last sentence, Defendant admits that the consequences of violating the criminal law are serious. Otherwise denied.

## Statement of Facts

9. Alabama law and United States Supreme Court precedent speak for themselves. Otherwise denied.

10. Admitted that enforcement of Alabama's abortion law was enjoined before it took effect. Alabama law speaks for itself. Otherwise denied.

11. Decisions from the United States Supreme Court and this Court speak for themselves. Otherwise denied.

12. The laws of other States speak for themselves. Otherwise denied.

13. Alabama law speaks for itself. Otherwise denied.

14. Alabama law speaks for itself. Otherwise denied.

15. Decisions from the United States Supreme Court speak for themselves. Otherwise denied.

16. Admitted that free interstate migration is a national interest. Otherwise denied.

17. Admitted that Defendant issued the statement, which speaks for itself. Otherwise denied.

18. Defendant admits that he has expressed openness to prosecuting those who violate Alabama law by "assist[ing] pregnant people traveling from Alabama to states where abortion is lawful" to facilitate an abortion that would be illegal in Alabama. Otherwise denied.

19. Denied.

20. Admitted that Defendant discussed "the legal landscape" and the possibility of prosecuting those who break Alabama law on the Jeff Poor Show. Otherwise denied.

21. Assuming the transcription is correct, Defendant's statement and the question to which he was responding speak for themselves. Otherwise denied.

22. Denied.

23. Admitted that there were reports about statements made by Defendant.

24. Admitted that Defendant referenced "accessory liability and conspiracy provisions of Alabama law." Otherwise denied.

25. Admitted that Matt Clark authored an op-ed describing Defendant's statements. Otherwise denied.

26. Admitted that Matt Clark authored an op-ed describing Defendant as stating that the "criminal conspiracy statute could apply." Admitted that the op-ed recounts Defendant as stating that he will prosecute violations of Alabama abortion law. Otherwise denied.

27. Admitted that Defendant has not "rescinded these statements." Otherwise denied.

28. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

29. Admitted that Defendant stated that whether those in Alabama who "facilitate" out-of-state abortions have conspired to commit a crime or are an accessory to a crime is something that he was "going to look at closely." Otherwise denied.

30. Alabama law speaks for itself. Otherwise denied.

31. Alabama law speaks for itself. Otherwise denied.

32. Alabama law speaks for itself. Otherwise denied.

33. Admitted that Defendant mentioned accessory liability as something he would "look at." Alabama law speaks for itself. Otherwise denied.

34. Admitted that Defendant stated that he would "look at" accessory liability. Alabama law speaks for itself. Otherwise denied.

35. The first sentence is admitted. As to the second sentence, Defendant lacks sufficient information to admit or deny the allegations and thus denies.

36. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

37. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

38. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

39. Denied.

40. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

41. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

42. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

43. Admitted that the United States Supreme Court decided *Dobbs* on June 24, 2022. Admitted that Chris England tweeted his views about the conspiracy statute. Admitted that a

spokesperson for Defendant stated that the office was reviewing the conspiracy statute. Otherwise denied.

44.    Defendant lacks sufficient information to admit or deny the allegations and thus denies.

45.    Defendant lacks sufficient information to admit or deny the allegations and thus denies.

46.    Defendant lacks sufficient information to admit or deny the allegations and thus denies.

47.    Defendant lacks sufficient information to admit or deny the allegations and thus denies.

48.    Defendant lacks sufficient information to admit or deny the allegations and thus denies.

49.    Defendant lacks sufficient information to admit or deny the allegations of Plaintiff's beliefs and thus denies. Otherwise denied.

50.    Denied.

51.    As to the first sentence, Defendant lacks sufficient information to admit or deny the allegations and thus denies. As to the last two sentences, denied that enforcing Alabama conspiracy law violates First Amendment rights.

52.    Defendant lacks sufficient information to admit or deny the allegations and thus denies.

53.    Admitted that Defendant will prosecute violations of Alabama law. Otherwise denied.

54.    Defendant admits that abortion is generally unlawful in the State of Alabama. Defendant otherwise lacks sufficient information to admit or deny the allegations and thus denies.

5

55. Admitted that there is a report reaching this conclusion in this allegation. Defendant otherwise lacks sufficient information to admit or deny the allegations and thus denies.

56. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

57. Denied as to the first sentence. Otherwise, Defendant lacks sufficient information to admit or deny the allegations and thus denies.

58. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

59. Denied.

60. Defendant lacks sufficient information to admit or deny the allegations in the first three sentences. Otherwise denied.

61. Defendant admits that certain studies might draw these conclusions. Otherwise denied.

62. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

63. Defendant lacks sufficient information to admit or deny the allegations about Plaintiffs waiting for further statements from Defendant and thus denies. Defendant admits that Plaintiffs cannot violate the law. Otherwise denied.

64. Admitted that Plaintiffs claim that their activities are constitutionality protected. Otherwise denied.

65. Admitted that Defendant will enforce violations of Alabama law. Denied that Plaintiff may raise the rights of third parties. Otherwise, Defendant lacks sufficient information to admit or deny the allegations and thus denies.

66. Defendant denies any allegation that prosecution would interfere with any constitutionally protected conduct. Otherwise, Defendant lacks sufficient information to admit or deny the allegations and thus denies.

67. Defendant lacks sufficient information to admit or deny the allegation that Plaintiff has suffered an injury-in-fact and thus denies. Otherwise denied.

68. The first sentence is denied. For the second and third sentences, Defendant lacks sufficient information to admit or deny the allegations and thus denies. The remainder of this paragraph is denied.

69. Denied.

## Causes of Action

### Count I: Right to Expression

70. The Constitution and § 1983 speak for themselves. Otherwise denied.

71. The First Amendment speaks for itself. Otherwise denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Defendant admits that he acted under the color of State law while making statements about looking into whether assisting out-of-state abortions violated Alabama law. Otherwise denied.

78. Defendant lacks sufficient information to admit or deny the allegation and thus denies.

## Count II: Right to Association

79. The Constitution and § 1983 speak for themselves. Otherwise denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Defendant admits that he acted under the color of State law while making statements about looking into whether assisting out-of-state abortions violated Alabama law. Otherwise denied.

85. Denied.

86. Defendant lacks sufficient information to admit or deny the allegation and thus denies.

## Count III: Right to Travel

87. The Constitution and § 1983 speak for themselves. Otherwise denied.

88. Admitted as to the first sentence. Otherwise, the Constitution speaks for itself; otherwise denied.

89. Defendant lacks sufficient information to admit or deny the allegation and thus denies.

90. Defendant lacks sufficient information to admit or deny the allegation and thus denies.

91. Defendant admits that Plaintiff attempts to assert the right to travel of others. Otherwise denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Defendant admits that he acted under the color of State law when he made statements about enforcing Alabama law. Otherwise denied.

97. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

### Count IV: Extraterritorial Application of State Law

98. The Constitution and § 1983 speak for themselves. Otherwise denied.

99. Admitted.

100. Denied.

101. Defendant admits that the government cannot legally "punish a person because he has done what the law plainly allows him to do." Otherwise denied.

102. Denied.

103. Denied.

104. Denied.

105. Defendant admits that he acted under the color of State law when he made statements about enforcing Alabama law. Otherwise denied.

106. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

**PRAYER FOR RELIEF:** Defendant denies that Plaintiff is entitled to any relief.

### General Denial

1. Defendant denies each and every allegation in Plaintiff's Complaint that is not expressly admitted above.

2. When admitting certain factual allegations above, Defendant does not agree with any inflammatory language used by the Plaintiff to describe Defendant's statements or the challenged laws.

**Additional Defenses**

1. Plaintiff has failed to state a claim for which relief may be granted.

2. This Court lacks subject-matter jurisdiction over Plaintiffs' claims on behalf of third parties.

3. Sovereign immunity deprives this Court of subject-matter jurisdiction over Plaintiffs' claims that depend on Defendant Marshall complying with their interpretation of Alabama law.

Respectfully submitted,

Steve Marshall
  *Attorney General*

James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*

/s/ Benjamin M. Seiss
Benjamin M. Seiss (ASB-2110-O00W)
  *Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
Montgomery, Alabama 36104
Telephone: (334) 242-7300
Fax: (334) 353-8400
Ben.Seiss@AlabamaAG.gov

***Counsel for Governor Ivey***

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2024, I electronically filed a copy of the foregoing with the Clerk of the Court via CM/ECF which will send notification to all counsel of record.

/s/ Benjamin M. Seiss
*Counsel for Governor Ivey*