IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WEST ALABAMA WOMEN'S CENTER, *et al.*, | )<br>)<br>) |
| *Plaintiffs*, | )<br>) |
| v. | ) **Civil Action No.:**<br>) **2:23-cv-00450-MHT-KFP**<br>) |
| Steve Marshall, *in his official capacity as Attorney General of the State of Alabama*, | )<br>)<br>)<br>) |
| *Defendant*. | ) |

## ANSWER

Defendant Stever Marshall, Attorney General of the State of Alabama, for his Answer to Plaintiff's Complaint (doc. 23), states as follows:

### Answers to Numbered Paragraphs

### Introduction

1. Admitted that this Court lifted an injunction against the State enforcing its abortion law after *Dobbs v. Jackson Women's Health*, was decided. Alabama law speaks for itself. Otherwise denied.

2. Alabama law speaks for itself. Otherwise denied.

3. Admitted that Defendant will enforce the State's criminal law. Otherwise denied.

4. Defendant lacks sufficient information to admit or deny the allegation and thus denies.

5. Denied.

6. Defendant admits that Plaintiffs seek the described declaration. Otherwise denied.

**Jurisdiction and Venue**

7. Admitted that this Court has subject-matter jurisdiction as to Count II. Admitted that Plaintiff is asserting constitutional rights under § 1983. Otherwise denied.

8. Admitted that Plaintiffs have asserted a cause of action. Denied that legal or equitable relief is appropriate.

9. Admitted that venue for Defendant Marshall is proper in the Middle District of Alabama.

**Plaintiffs**

10. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

11. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

12. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

13. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

14. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

15. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

**Defendants**

16. Admitted.

17. The first sentence is admitted. As to the last sentence, denied that these DAs—who have been dismissed, *see WAWC*, Doc. 21—are currently being sued. Otherwise, Alabama law speaks for itself.

**Factual Allegations**

18. Admitted.

19. Admitted.

20. Alabama law speaks for itself.

21. Alabama law speaks for itself.

22. Alabama law speaks for itself.

23. Alabama law speaks for itself.

24. Alabama law speaks for itself.

25. Alabama law speaks for itself.

26. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

27. Admitted that Chris England tweeted his views about the abortion conspiracy statute the day that *Dobbs* was decided and that this Court lifted the injunction against enforcing Alabama's abortion law. Otherwise denied.

28. Admitted.

29. Admitted that Matt Clark reported statements made by Defendant. Otherwise denied.

30. Admitted that Matt Clark reported statements made by Defendant that he would enforce "the 2019 ban" and that the conspiracy statute "could apply to attempts to procure an abortion out of state."

31. Admitted that Defendant discussed enforcement of Alabama law in regards to abortion on The Jeff Poor Show.

32. Assuming the transcription is correct, admitted that Mr. Poor asked the question.

33. Assuming the transcription is correct, admitted that Defendant made the quoted statement.

34. Admitted that Defendant's statements were reported on.

35. Denied.

36. Alabama law speaks for itself. Otherwise denied.

37. Alabama law speaks for itself. Otherwise denied.

38. Alabama Supreme Court caselaw speaks for itself. Otherwise denied.

39. Alabama Supreme Court caselaw speaks for itself. Otherwise denied.

40. Alabama Supreme Court caselaw speaks for itself. Otherwise denied.

41. Alabama Supreme Court caselaw speaks for itself. Otherwise denied.

42. Alabama Supreme Court caselaw speaks for itself. Otherwise denied.

43. William Martin's report speaks for itself. Otherwise denied.

44. Alabama law speaks for itself. Otherwise denied.

45. William Martin's report speaks for itself. Otherwise denied.

46. Alabama law speaks for itself. Otherwise denied.

47. Alabama law speaks for itself. Otherwise denied.

48. Alabama law speaks for itself. Otherwise denied.

49. Alabama law speaks for itself. Otherwise denied.

50. Alabama law speaks for itself. Otherwise denied.

51. Alabama law speaks for itself. Otherwise denied.

52. Defendant lacks sufficient information to admit or deny this allegation and thus denies.

53. Denied.

54. Denied.

55. Denied.

56. Alabama law speaks for itself. Otherwise denied.

57. Alabama law speaks for itself. Otherwise denied.

58. Alabama law speaks for itself. Otherwise denied.

59. Alabama law speaks for itself. Otherwise denied.

60. Admitted.

61. Denied.

62. Denied.

63. Denied.

64. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

65. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

66. Denied that enforcing the conspiracy statute would interfere with anyone's constitutional rights. Otherwise, Defendant lacks sufficient information to admit or deny the allegations and thus denies.

67. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

68. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

69. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

70. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

71. Defendant denies making any "unjustified threat of prosecution." Otherwise, Defendant lacks sufficient information to admit or deny the allegations and thus denies.

72. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

73. Alabama law speaks for itself. Otherwise denied.

74. Denied.

75. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

76. Defendant denies that criminal conduct is the kind of "information and assistance … offered in every other aspect of medical care." Otherwise, Defendant lacks sufficient information to admit or deny the allegations and thus denies.

77. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

78. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

79. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

80. Defendant lacks sufficient information to admit or deny the allegations about the expectations of Plaintiffs' patients or whether it is "devastating" for Plaintiffs to comply with the law and thus denies. Otherwise denied.

81. As to the allegations regarding Dr. Robinson's patients' requests and inquiries, Defendant lacks sufficient information to admit or deny the allegation and thus denies. As to the last two sentences, Defendant lacks sufficient information to admit or deny the allegations and thus denies. Otherwise denied.

82. Alabama law speaks for itself. Otherwise, Defendant lacks sufficient information to admit or deny the allegations and thus denies.

83. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

84. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

85. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

86. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

87. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

88. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

89. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

90. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

91. The punishments for Alabama law speak for themselves. Otherwise, Defendant lacks sufficient information to admit or deny the allegations and thus denies.

92. Denied.

93. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

94. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

95. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

96. Admitted that pregnant women in Alabama have the right to seek medical advice about all medical options. Defendants deny that those seeking medical treatment are entitled to treatment that violates the law or that elective abortion are "other types of medical treatment."

97. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

98. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

99. Admitted that childbirth can pose a risk to a woman's physical, mental, and emotional health. Otherwise denied.

100. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

101. Admitted that the decision to have a child is "an extremely personal and individualized decision." Otherwise denied.

102. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

103. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

104. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

105. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

106. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

107. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

108. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

109. Denied that abortion is "safe" or "safer than childbirth." Otherwise, Defendant lacks sufficient information to admit or deny the allegations and thus denies.

110. Admitted.

111. Admitted.

112. Admitted that a woman having a child with an abuser can increase the risk of violence.

113. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

114. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

115. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

116. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

117. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

118. Defendant lacks sufficient information to admit or deny the allegations and thus denies.

119. Admitted that a legal remedy would be inadequate to address Plaintiffs' harm if resulting from a constitutional violation. Otherwise denied.

### Claims for Relief

### Count I: Due Process

120. Defendant incorporates by reference all responses to allegations set forth in paragraphs 1 through 119.

121. Admitted that Alabama does law does not make it a crime "to provide an abortion in another state where abortion is legal." Admitted that Alabama law does not make it a crime for a pregnant woman "to obtain or seek to obtain" an abortion in a state where it is legal. Admitted that Alabama law does not make it a crime to "cross or seek to cross state lines" to obtain an abortion in a state where it is legal.

122. Denied.

### Count II: First Amendment

123. Defendant incorporates by reference all responses to allegations set forth in paragraphs 1 through 122.

124. The U.S. Constitution speaks for itself. Otherwise denied.

125. Denied.

126. Denied.

127. Denied.

### Count III: Right to Travel

128. Defendant incorporates by reference all responses to allegation set forth in paragraphs 1 through 127.

129. The U.S. Constitution and decisions from the U.S. Supreme court speak for themselves. Otherwise denied.

130. The U.S. Constitution and decisions from the U.S. Supreme court speak for themselves. Otherwise denied.

131. Denied.

**PRAYER FOR RELIEF:** Defendant denies that Plaintiff is entitled to any relief.

### General Denial

1. Defendant denies each and every allegation in Plaintiff's Complaint that is not expressly admitted above.

2. When admitting certain factual allegations above, Defendant does not agree with any inflammatory language used by the Plaintiff to describe Defendant's statements or the challenged laws.

### Additional Defenses

1. Plaintiff has failed to state a claim for which relief may be granted.

2. This Court lacks subject-matter jurisdiction over Plaintiffs' claims on behalf of third parties.

3. Sovereign immunity deprives this Court of subject-matter jurisdiction over Plaintiffs' claims that depend on Defendant Marshall complying with their interpretation of Alabama law.

Respectfully submitted,

Steve Marshall
  *Attorney General*

James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*

/s/ Benjamin M. Seiss
Brenton M. Smith (ASB-1656-X27Q)
Benjamin M. Seiss (ASB-2110-O00W)
  *Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
Montgomery, Alabama 36104
Telephone: (334) 242-7300
Fax: (334) 353-8400
Ben.Seiss@AlabamaAG.gov

***Counsel for Governor Ivey***

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 20, 2024, I electronically filed a copy of the foregoing with the Clerk of the Court via CM/ECF which will send notification to all counsel of record.

                                              /s/ Benjamin M. Seiss
                                              *Counsel for Governor Ivey*

13