**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| YELLOWHAMMER FUND, on behalf of itself and its clients, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 2:23-cv-450-MHT |
| ATTORNEY GENERAL OF ALABAMA STEVE MARSHALL, in his official capacity, | ) ) ) ) ) | |
| Defendant. | ) ) | |
| WEST ALABAMA WOMEN'S CENTER, on behalf of themselves and their staff, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 2:23-cv-451-MHT |
| STEVE MARSHALL, in his official capacity as Alabama Attorney General, | ) ) ) ) | |
| Defendant. | ) ) | |

**WEST ALABAMA WOMEN'S CENTER ET AL. PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT, DECLARATORY RELIEF, AND PERMANENT INJUNCTION**

Pursuant to Federal Rule of Civil Procedure 56, Plaintiffs West Alabama Women's Center,

Alabama Women's Center for Reproductive Alternatives, LLC, d/b/a Alabama Women's Center,

and Yashica Robinson, M.D., (together "WAWC Plaintiffs") hereby move the Court for summary

judgment on Counts II and III of the WAWC Plaintiffs' Verified Complaint for Declaratory and

Injunctive Relief (Doc. No. 23). The WAWC Plaintiffs also seek a permanent injunction

restraining Defendant and his employees, agents, and successors in office from enforcing or threatening to enforce those laws in that manner.

For the reasons set forth more fully in the WAWC Plaintiffs' accompanying Memorandum of Law, and the supporting affidavits attached thereto, Attorney General Marshall's threatened use of provisions of Alabama's criminal code, including but not limited to Ala. Code §§ 13A-4-4, 13A-4-1, 13A-4-3, and 13A-2-23, to prosecute individuals for otherwise lawful speech or conduct that is intended to or may be used to assist Alabamians seeking to cross state lines to obtain abortion care in a state where abortion is legal violates both the First Amendment (Count II) and the constitutionally protected right to travel (Count III). Because there is no genuine dispute as to any material fact, the WAWC Plaintiffs are entitled to judgment as a matter of law. The WAWC Plaintiffs are also entitled to a permanent injunction because they have established success on the merits of their claims, there is no adequate remedy at law, and because they have demonstrated that the threatened prosecutions are causing irreparable harm. Accordingly, the WAWC Plaintiffs respectfully request that their Motion for Summary Judgment and Requests for Declaratory Relief and a Permanent Injunction be granted.

Dated: June 17, 2024

<div style="margin-left: 50%;">

Respectfully submitted,

/s/ Alison Mollman
Alison Mollman
Alabama State Bar No. 8397-A33C
ACLU OF ALABAMA
P.O. Box 6179
Montgomery, AL 36106-0179
(510) 909-8908
amollman@aclualabama.org

Meagan Burrows*
New York State Bar No. 5341904
Alexa Kolbi-Molinas*

</div>

2

New York State Bar No. 4477519
Lindsey Kaley*
New York State Bar No. 5324983
Scarlet Kim*
New York State Bar No. 5025952
Jessica Quinter*
New York State Bar No. 6124077
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2633
mburrows@aclu.org
akolbi-molinas@aclu.org
lkaley@aclu.org
scarletk@aclu.org
jquinter@aclu.org

Lorie Chaiten*
Illinois State Bar No. 6191424
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
1640 North Sedgwick
Chicago, IL 60614
(212) 549-2633
lchaiten@aclu.org

*Attorneys for the WAWC Plaintiffs*

*\*Admitted pro hac vice*

3

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing document was filed using the

Court's CM/ECF system on this 17th day of June 2024, which will serve all counsel of record.


<u>/s/ Alison Mollman</u>
Alison Mollman