```
        IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
           MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION
```

| | |
|---|---|
| YELLOWHAMMER FUND, on      )<br>behalf of itself and its )<br>clients,                   )<br>                           )<br>    Plaintiff,            )<br>                           )<br>    v.                     )<br>                           )<br>ATTORNEY GENERAL OF        )<br>ALABAMA STEVE MARSHALL,    )<br>in his official capacity,  )<br>                           )<br>    Defendant.             ) | CIVIL ACTION NO.<br>2:23cv450-MHT<br>(WO) |
| WEST ALABAMA WOMEN'S       )<br>CENTER, on behalf of       )<br>themselves and their      )<br>staff; et al.,            )<br>                           )<br>    Plaintiffs,           )<br>                           )<br>    v.                     )<br>                           )<br>STEVE MARSHALL, in his     )<br>official capacity as       )<br>Alabama Attorney General,  )<br>                           )<br>    Defendant.             ) | CIVIL ACTION NO.<br>2:23cv451-MHT<br>(WO) |

## JUDGMENT

For the reasons stated above, it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) Plaintiffs' motions for summary judgment (Doc. 60 and Doc. 61) are granted as to all of the right-to-travel claims except the one brought by plaintiff Yellowhammer Fund in its own behalf. The motions are also granted as to the freedom-of-speech claims and the expressive-conduct claim as to 'funding.' The motions are denied as to the expressive-conduct claim as to 'transportation.' And the motions are denied as to the claims the court declined to resolve, and those claims are dismissed without prejudice.

(2) Defendant's motion for summary judgment (Doc. 62) is granted as to plaintiffs' expressive-conduct claim as to 'transportation' and is denied in all other respects.

(3) Judgment is entered in favor of plaintiffs and against defendant as to all but one of the right-to-travel claims, the freedom-of-speech claims, and the expressive-conduct claim as to 'funding.' Judgment is entered in favor of defendant and against

plaintiffs as to the expressive-conduct claim as to 'transportation.'

(4) It is DECLARED that the defendant's use of the provisions of Alabama's criminal code to prosecute those who assist individuals seeking to leave Alabama to obtain abortion care in a State where abortion is legal would violate both the First Amendment and the right to travel.

The court retains jurisdiction to issue an injunction to enforce the declaratory judgment and to provide other relief, should such become necessary.

It is further ORDERED that costs are taxed against defendant, for which execution may issue.

The clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

These two consolidated cases are closed.

DONE, this the 31st day of March, 2025.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE